# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MISTY E. BROWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-14-792-HE |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Misty Brower's (Plaintiff) applications for disability insurance benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g).  United States District Court Judge Joe Heaton referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge.  The undersigned has reviewed the pleadings, the administrative record (AR), and the parties' briefs,[1] and recommends that the court reverse the Commissioner's decision.

---

[1]  When citing to the parties' briefs, the undersigned refers to this Court's CM/ECF pagination.  Further, unless otherwise specified, the undersigned reprints all quotes verbatim.

## I. Administrative proceedings.

Plaintiff applied for disability insurance benefits and supplemental security income alleging that she became disabled on May 21, 2009. AR 148, 152. The Social Security Administration (SSA) denied Plaintiff's claims, and at her request, an ALJ conducted a hearing. *Id.* at 33-69. In her February 2013 decision, the ALJ found that Plaintiff was not disabled from May 29, 2010, through the date of the decision. *Id.* at 26. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-5, and Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found that Plaintiff: (1) meets the insured status requirements through December 31, 2015; (2) has severe "lupus, Sjogren's Syndrome, fibromyalgia, rheumatoid arthritis, obesity, and depression"; (3) has the residual functional capacity (RFC) to perform sedentary with frequently reaching, handling, and fingering; and, (4) can perform work the national economy as a "grading clerk," "weight tester," or "addresser." AR 16-26; *see* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps).

## III. Plaintiff's claims.

Plaintiff challenges the Commissioner's decision on numerous grounds, including that the ALJ failed to weigh the consultative examiner's opinion or explain her failure to adopt his RFC assessment. Doc. 14, at 5. The undersigned agrees that reversal is necessary on that ground, and has elected not to address the remaining claims.[2] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[2] The undersigned notes two additional errors. First, the ALJ does not cite to or mention Dr. Jennifer Logsdon's treatment notes. Although Dr. Logsdon, as a chiropractor, is not considered an acceptable medical source, the ALJ may not ignore her findings. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267-68 (10th Cir. 2008) ("Although a chiropractor is not an 'acceptable medical source' for diagnosing an impairment under the regulations, the agency has made clear that the opinion of such an 'other source' is relevant to the questions of severity and functionality." (emphasis omitted)). Second, the ALJ ignored Plaintiff's employer's work-activity questionnaire. SSR 06-03p guides the ALJ in evaluating "other source" opinions and provides factors that an ALJ should consider. SSR 06-03p, 2006 WL 2329939 at *6 (2006). In violation of the regulations, the ALJ neither acknowledged the questionnaire nor engaged in any consideration of it. *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006); *see also Wright v. Colvin*, Case No. CIV-13-200-F, 2014 WL 4231058, at *10 (W.D. Okla. Aug. 26, 2014) (unpublished order) ("The ALJ also erred in not considering the third-party witness statement . . . . [In fact], the ALJ did not mention [the third-party] testimony at all.").

## IV. Analysis.

### A. Standard of review.

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (citation and brackets omitted).

### B. The ALJ's error in reviewing the consultative examiner's opinion.

An ALJ must "give consideration to all the medical opinions in the record. [S]he must also discuss the weight [s]he assigns to such opinions." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citation omitted). And even where, as here, the physician is an examining physician rather than a treating physician, the ALJ must "'provide specific, legitimate reasons for rejecting'" the medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (citation omitted). Further, an ALJ may not "'pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.'" *Id.* at 1292 (citation omitted).

4

At the SSA's request, Dr. Bill Buffington examined Plaintiff, primarily for joint pain. AR 458. He found: "Wrists: . . . painful range of motion and diffusely tender. Hands: . . . grip strength diminished bilaterally, sluggish hand movements and pain with movement bilateral. Fingers: . . . sluggish movement, painful ROM." *Id.* at 459. Dr. Buffington diagnosed Plaintiff with fibromyalgia and joint pain and opined that Plaintiff cannot manipulate small objects or effectively grasp tools such as a hammer. *Id.* at 459, 464.

Without mentioning him by name, the ALJ acknowledged *most* of Dr. Buffington's findings; however, the ALJ failed to note Plaintiff's wrist pain and *incorrectly* stated that Dr. Buffington had found Plaintiff's "grip strength equal bilaterally." AR 17. Further, the ALJ neither weighed the opinion, nor provided specific, legitimate reasons for rejecting Dr. Buffington's limitations. This is reversible error. *See Chapo*, 682 F.3d at 1291-92; *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (noting that even if the doctor "was not a treating physician, the ALJ was still required to consider his opinion" and "to provide specific, legitimate reasons for rejecting it" (citations omitted)).

The Commissioner disagrees, arguing that while the ALJ did not "explicitly weigh Dr. Buffington's opinion," she gave "great weight" to a state agency physician's opinion that had been formulated on Dr. Buffington's findings. Doc. 22, at 9. However, that opinion states that the examiner

5

found "good fine/gross dexterity," AR 473,[3] and Dr. Buffington actually found "sluggish" movement in Plaintiff's hands and fingers and stated that her grip strength was "diminished bilaterally." *Id.* at 459. The state agency physician further opined that Plaintiff has no reaching, fingering, or handling limitations, *id.* at 475, directly conflicting with Dr. Buffington's opinion. Finally, Dr. Buffington's opinion appears well supported by Plaintiff's treating physician's findings that Plaintiff has "joint and muscle pain rated 9/10," "18/18 tender points," and "swelling and tenderness of the . . . wrists, [MCPs − metacarpophalangeal joints], [PIPs − proximal interphalangeal joints], and [DIPs − distal interphalangeal joints],"[4] with "a C-reactive

---

[3] The state agency physician did not identify Dr. Buffington by name, but the ALJ and the Commissioner both seem to agree that it is Dr. Buffington's findings to which the state agency physician referred. AR 24 (giving great weight to the state agency physician's opinion and then referencing Exhibit 10F, which is Dr. Buffington's report); Doc. 22, at 9 (arguing that the state agency physician relied on Dr. Buffington's report to make the RFC assessment).

[4] The MCP, PIP, and DIP joints appear in the hands and fingers. *See Spicer v. Barnhart*, 64 F. App'x 173, 176 n.1 (10th Cir. 2003) (explaining the location of the "proximal interphalangeal" and "distal interphalangeal joints"); *James v. Astrue*, No. CIV-07-969-D, 2008 WL 2557989, at *3, n.6-7 (W.D. Okla. June 23, 2008) (unpublished order) (explaining the location of the "metacarpophalangeal joints").

6

protein elevation at 8.8." *Id.* at 450.[5]

The ALJ inexplicably failed to weigh Dr. Buffington's seemingly-well supported opinion, or give specific, legitimate reasons for rejecting it and formulating an RFC in direct conflict. And the error is particularly harmful here because the ALJ limited Plaintiff to sedentary work with no public contact. AR 21. A claimant's hand limitations are particularly relevant when she can only do sedentary work. *See* SSR 85-15, 1985 WL 56857, at *7 (1985) ("[L]oss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work."). The Dictionary of Occupational Titles (DOT) describes the jobs of "grading clerk," and "weight tester" as requiring handling 1/3 to 2/3 of the time, and fingering up to 1/3 of the time. DOT 219.467-010 (grading clerk), 539.485-010 (weight tester). The DOT describes the job of "addresser" as requiring handling 1/3 to 2/3 of the time, and fingering 1/3 to 2/3 of the time. DOT 209.587-010. It seems unlikely that Plaintiff can perform any of these jobs if she cannot manipulate small objects or grasp tools such as a hammer. If Plaintiff cannot manipulate small objects or effectively grasp tools, and cannot have contact with the public, it is possible she can perform

---

[5]     Although the ALJ rejected the treating physician's RFC assessment, a finding that the undersigned declines to review at this time, she did not reject or discredit the physician's physical findings. AR 19, 24.

7

no sedentary work. AR 65-66 (VE's testimony that if Plaintiff is limited to handling and fingering only 10% of the time, it would "significantly erode that sedentary work base" and that her inability to have public contact would "erode the rest of them" because "a number of the jobs that don't require so much manipulation are verbal, and require public contact").

For these reasons, the undersigned finds that the ALJ's errors in failing to weigh Dr. Buffington's opinion or give specific, legitimate reasons for rejecting it are not harmless and require reversal. *See Wilson v. Colvin*, 541 F. App'x 869, 873-74 (10th Cir. 2013) ("We therefore agree with [plaintiff] that the ALJ's RFC, as stated in the decision, is not generally consistent with [the consulting physician's] medical opinion, and the ALJ's failure to weigh that opinion and explain why he accepted some, but not all, of its moderate restrictions, was not harmless error.").

## V.  Recommendation and notice of right to object.

The undersigned recommends that the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation no later than July 22, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and

recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 2nd day of July, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE